UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| SINT, LLC and SLEEPY'S, LLC, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. |
| | : | 08-cv-01841 (PAC) |
| v. | : | |
| | : | |
| SLEEPY BEDDING & FURNITURE, CORP., | : | |
| | : | |
| Defendant. | : | July 14, 2008 |
| | : | |
| | : | |

## PLAINTIFFS' APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule 55.2 of the Local Civil Rules, Plaintiffs Sint, LLC and Sleepy's, LLC ("Plaintiffs") hereby move for entry of a default judgment against Defendant Sleepy Bedding & Furniture, Corp. ("Defendant"). A default judgment against Defendant is proper for the following reasons:

1.     Plaintiffs filed a Request for Certificate of Default on June 6, 2008. Default was entered, signed and stamped by the Clerk of the Court on June 6, 2008, and states that Defendant was properly served and failed to answer or appear. A copy of the signed and stamped Default is attached hereto as Exhibit A.

2.     Defendant has not answered or otherwise moved in response to the Complaint filed February 25, 2008, a copy of which is attached hereto as Exhibit B.

3.     The factual and legal bases of the Complaint, as set forth on the concurrently-filed Affidavit of Carrie A. Hanlon, support the entry of a default judgment as requested by Plaintiffs.

WHEREFORE, Plaintiffs request that a default judgment be granted as to Defendant's liability and the remedies sought by Plaintiffs.  Plaintiffs request that default judgment be entered against Defendant as follows:

1.     Pursuant to 15 U.S.C. § 1116(a) and N.Y. Gen. Bus. Law § 360-*l*, that Defendant Sleepy Bedding & Furniture, Corp., its officers, directors, principals, agents, servants, employees, successors, assigns, affiliates, licensees, manufacturers, distributors, and all that are in active concert or participation with it, or any of them, be permanently enjoined and restrained during the pendency of this action and permanently thereafter from:

a.     infringing or diluting the SLEEPY'S Mark (as defined in the Complaint) or other trademarks of Plaintiffs, including through use of the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE or any variation thereof which is confusingly similar to the SLEEPY'S Mark;

b.     making any statement or representation whatsoever with respect to the infringing goods and services at issue that either falsely designates Plaintiffs as the origin of the goods or is otherwise false or misleading;

2

     c.      otherwise making unauthorized use of or infringing upon the SLEEPY'S Mark or other trademarks of Plaintiffs;

     d.      conducting business under the name "Sleepy Bedding & Furniture, Corp." or any name that is confusingly similar to the SLEEPY'S Mark;

     e.      any other conduct that would cause or is likely to cause confusion, mistake, or misunderstanding as to the source, affiliation, connection, or association of Defendant or Defendant's goods and services with Plaintiffs or Plaintiffs' goods and services;

     f.      competing unfairly with Plaintiffs in any manner; and

     g.      engaging in any other activity, including the effectuation of assignments or transfers of their interests in counterfeits, simulations, reproductions, copies, or colorable imitations of the SLEEPY'S Mark, or any other intellectual property of Plaintiffs, including the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth herein;

2.      Pursuant to 15 U.S.C. § 1118, that Defendant be ordered to deliver up for destruction upon entry of judgment any and all copies of materials used by Defendant to advertise, promote, or solicit sales for Defendant's goods or services using the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE;

3

3.    That Plaintiffs be awarded, and Defendant be ordered to pay, the costs, reasonable attorneys' fees and investigatory fees incurred by Plaintiffs, in the amount of $ 11,343,98 ($10,839.00 in attorneys' fees; $ 504.98 in costs)**,** pursuant to 15 U.S.C. §1117, NY Gen. Bus. Law § 349(h), NY Gen. Bus. Law § 360(m) and/or as otherwise provided by law.  *See* Affidavit of Carrie A. Hanlon; and

4.    That the Court order such further and additional relief as it may deem just and proper.

Respectfully submitted, this 14th day of July, 2008.

SINT, LLC and SLEEPY'S, LLC

/s/Laura A. Chubb_____
Carrie A. Hanlon (CH2273)
WIGGIN and DANA, LLP
400 Atlantic Street
Stamford, Connecticut 06901
Telephone: (203) 363-7600
Facsimile:  (203) 363-7676
E-Mail: chanlon@wiggin.com

Laura A. Chubb (LC2007)
WIGGIN and DANA, LLP
450 Lexington Avenue, Suite 3800
New York, New York 10017
Telephone: (212) 551-2620
Facsimile: (212) 490-0536
E-Mail: lchubb@wiggin.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

It is hereby certified that on this day a true copy of the foregoing PLAINTIFFS' APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Dated:  July 14, 2008.

/s/ Laura A. Chubb_____
Laura A. Chubb

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SINT, LLC and SLEEPY'S, LLC,

                            Plaintiff,                      1:08 Civ. 01841 (PAC)

      - against -                         **CLERK'S CERTIFICATE**

SLEEPY BEDDING & FURNITURE, CORP.,

                            Defendant.
-------------------------------------------------------X

     I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on February 25, 2008, with the filing of a summons and complaint, a copy of the summons and complaint was served on defendant by serving personally Basem Jad of Sleepy Bedding & Furniture Corp., and proof of such service thereof was filed on Februray 29, 2008.

     I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise moved with respect to the complaint herein.  The default of the defendant is hereby noted.

Dated: New York, New York
       June 6, 2008

                                   J. MICHAEL MCMAHON
                                    Clerk of the Court

                     By:_____
                               Deputy Clerk

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SINT, LLC and SLEEPY'S, LLC, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 08-CV-01841 (PAC) |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| SLEEPY BEDDING & FURNITURE, CORP. | : | |
| | : | |
| Defendant. | : | February 25, 2008 |
| | : | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, TRADEMARK DILUTION AND UNFAIR COMPETITION

Plaintiffs Sint, LLC and Sleepy's, LLC, for their Complaint against Defendant Sleepy Bedding & Furniture, Corp., hereby allege as follows.

## NATURE OF THE ACTION

1.     This is an action arising under the Trademark Laws of the United States, 15 U.S.C. §§1051 *et seq.* (the "Lanham Act"), and in particular for (a) trademark infringement, in violation of 15 U.S.C. § 1114(1); (b) false designation of origin, in violation of 15 U.S.C. § 1125(a); and (c) trademark dilution, in violation of 15 U.S.C. § 1125(c).  This is also an action for trademark infringement and unfair competition under the statutory and common law of the State of New York, including under New York General Business Law § 360-l.

2.     This Court has jurisdiction over the subject matter of this action and of the parties pursuant to 28 U.S.C. §§1331, 1332, 1338 and 1367; 15 U.S.C. §1121; and the doctrine of pendent jurisdiction.

## THE PARTIES

3.      Plaintiff Sint, LLC ("Sint") is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at Nemours Building, 1007 Orange Street, Suite 1416, Wilmington, Delaware 19801.

4.      Plaintiff Sleepy's, LLC ("Sleepy's") is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 175 Central Avenue South, Bethpage, New York 11714-4940.  Plaintiffs Sint and Sleepy's shall be referred to collectively hereinafter as "Plaintiffs."

5.      Defendant Sleepy Bedding & Furniture, Corp. ("Defendant") is, upon information and belief, a corporation organized and existing under the laws of the State of New York, having a place of business at 95-03 Roosevelt Ave., Jackson Heights, New York  11372.

6.      Defendant is subject to personal jurisdiction in this judicial district because Defendant resides and conducts business in this judicial district.

7.      Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and (c).

## FACTUAL BACKGROUND

8.      Plaintiff Sleepy's is in the business of distributing and selling a variety of name-brand mattresses and related furniture and bedding products, such as bed frames, headboards and footboards, motorized beds, futons, folding beds, and mattress pads, through more than 600 retail stores in 11 states.  All of the retail stores operate under the tradename "SLEEPY'S."  The first SLEEPY'S store opened in New York in 1957.  Sleepy's currently operates more than 100 retail stores in metropolitan New York alone, including several in Queens.

9.      Plaintiff Sint is the owner of U.S. Trademark Registration No. 1,265,009 for "SLEEPY'S" for "mattresses and foundations," and for "retail furniture store services" (the

2

"SLEEPY'S Mark"). The SLEEPY'S Mark was registered on January 24, 1984. The SLEEPY'S Mark has become incontestable within the meaning of 15 U.S.C. § 1065.

10.    Plaintiff Sint is also the owner of approximately fifteen (15) additional U.S. trademark registrations, all of which incorporate or are related to the SLEEPY'S Mark, including but not limited to U.S. Trademark Registration Nos. 1,547,769; 1,946,855; 2,265,627; 2,322,385; 2,800,711; 2,800,712 (collectively, the "SLEEPY'S Family of Marks").

11.    Plaintiff Sleepy's is the exclusive licensee of the SLEEPY'S Mark from Plaintiff Sint. Plaintiffs, directly and through certain predecessor entities, have used the SLEEPY'S Mark continuously since 1957, and continuously in interstate commerce since at least as early as 1977.

12.    Plaintiff Sleepy's is also the exclusive licensee of the SLEEPY'S Family of Marks from Plaintiff Sint. Plaintiffs, directly and through certain predecessor entities, have used and continue to use the SLEEPY'S Family of Marks in interstate commerce.

13.    Plaintiff Sleepy's also conducts business activities over the Internet, through its website, _www.sleepys.com_, from which it advertises, offers for sale and services its complete line of products. It also operates and promotes a shop-at-home service with the toll-free telephone number 1-800-SLEEPYS. "1-800-SLEEPY'S" is part of the SLEEPY'S Family of Marks.

14.    Plaintiffs, directly and through certain predecessor entities, have spent several decades and substantial sums of money advertising, promoting and otherwise cultivating goodwill in the SLEEPY'S Mark and the SLEEPY'S Family of Marks, such that the marks have come to be associated with high quality retail mattress, furniture and bedding goods and services, and have attained secondary meaning in the minds of consumers as designating goods and services of particular origin, namely, Plaintiff Sleepy's.

15.    As a result of the long and extensive use and advertisement of the SLEEPY'S Mark and the SLEEPY'S Family of Marks in connection with Plaintiffs' goods and services, the SLEEPY'S Mark has become closely associated with Plaintiffs, has become exceedingly well-recognized and has acquired great value, and identifies Plaintiffs and their goods and services exclusively.

16.    Defendant conducts business in the sale of various mattress and bedding products through a retail store located in Jackson Heights, New York.  Upon information and belief, Defendant was incorporated on or about December 17, 2007, and began its retail operations at or near that time.

17.    The mattress and bedding products offered by Defendant in its retail store location are of the same or similar type as offered and sold by Plaintiffs and are offered in the same channels of trade to the same general class of potential consumers as are the products of Plaintiffs.

18.    Upon information and belief, Defendant commenced offering its retail products and services under the marks or names "SLEEPY" and/or "SLEEPY BEDDING & FURNITURE" within the last three (3) months, long after the commencement of business in the same types of goods and services by Plaintiffs inside and outside the State of New York,  long after Plaintiffs and their predecessors first used the SLEEPY'S Mark, more than twenty years after the SLEEPY'S Mark was registered, and well after the SLEEPY'S Mark became well-known to the public inside and outside of the State of New York in connection with the goods and services offered by Plaintiffs.

19.    Defendant is not a subsidiary, division or licensee of, or otherwise related to, Plaintiffs in any manner whatsoever and is not authorized to use the SLEEPY'S Mark.

4

20.    Defendant's use of the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE will enable Defendant to trade upon and utilize the goodwill established by Plaintiffs in the SLEEPY'S Mark and the SLEEPY'S Family of Marks.

21.    The intentional location of Defendant's retail store in the very region in which Plaintiffs founded their business and currently operate more than 100 of their SLEEPY'S stores only strengthens the likelihood that consumers will incorrectly and improperly associate Defendant and its goods and services with Plaintiffs and their goods and services.

22.    Plaintiffs notified Defendant of its unauthorized use of the SLEEPY'S Mark on at least two occasions prior to the filing of this action, and Defendant failed to acknowledge or respond to either notice.  Defendant has refused to voluntarily discontinue its use of the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE despite repeated requests to do so. Defendant is fully aware of the intellectual property rights of Plaintiffs and has acted and continues to act in reckless disregard of those rights.

## COUNT I
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

23.    Plaintiffs reallege and incorporate herein by reference all of the allegations set forth in Paragraphs 1 through 22 above.

24.    Defendant, without the consent of Plaintiffs, is using in interstate commerce the marks or names, SLEEPY and/or SLEEPY BEDDING & FURNITURE, in connection with the sale, offering for sale, distribution and advertising of goods and services, which, because of their confusing similarity to the SLEEPY'S Mark and, *inter alia,* the fact that the identical kinds of goods are offered and sold under the SLEEPY and/or SLEEPY BEDDING & FURNITURE names as those offered and sold under the SLEEPY'S Mark and the fact that such goods are

5

offered and sold under the SLEEPY and/or SLEEPY BEDDING & FURNITURE names in the same channels of trade and to the same types of consumers as the goods sold under the SLEEPY'S Mark, are likely to cause confusion or mistake among consumers, or to deceive consumers, as to the source of such goods and services, in violation of 15 U.S.C. §1114(1).

25.     Upon information and belief, the adoption and use by Defendant of the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE in connection with its goods, services and commercial activities was in bad faith and in willful disregard of Plaintiffs' rights, with intent to trade on and appropriate the reputation and goodwill which Plaintiffs have built up in the SLEEPY'S Mark and the SLEEPY'S Family of Marks, and to divert customers and revenues from Plaintiffs.

26.     The aforementioned actions and activities of Defendant have caused and will continue to cause damage and irreparable harm and injury to Plaintiffs unless and until such time as they are enjoined by this Court.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(A))

27.     Plaintiffs reallege and incorporate herein by reference all of the allegations set forth in Paragraphs 1 through 26 above.

28.     Defendant, without the consent of Plaintiffs, is using the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE in commerce in connection with goods and services, which is likely to cause confusion, or cause mistake, or to deceive consumers as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services or commercial activities by Plaintiffs, in violation of 15 U.S.C. §1125(a).

6

29.     Upon information and belief, the adoption and use by Defendant of the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE in connection with its goods, services and commercial activities was in bad faith and in willful disregard of Plaintiffs' rights, with intent to trade on and appropriate the reputation and goodwill which Plaintiffs have built up in the SLEEPY'S Mark and the SLEEPY'S Family of Marks, and to divert customers and revenues from Plaintiffs.

30.     The aforementioned actions and activities of Defendant have caused and will continue to cause damage and irreparable harm and injury to Plaintiffs unless and until such time as they are enjoined by this Court.

## COUNT III
## TRADEMARK DILUTION (15 U.S.C. § 1125(B))

31.     Plaintiffs reallege and incorporate herein by reference all of the allegations set forth in Paragraphs 1 through 30 above.

32.     The SLEEPY'S Mark is distinctive and famous, having been used by Plaintiffs and their predecessors in connection with the promotion and sale of its goods and services for over 50 years.

33.     Defendant began using the SLEEPY and/or SLEEPY BEDDING & FURNITURE names after the SLEEPY'S Mark became famous, and thereby caused, and is causing, the dilution of the distinctive quality of the SLEEPY'S Mark in violation of 15 U.S.C. §1125(c).

34.     Upon information and belief, the adoption and use by Defendant of the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE in connection with its goods, services and commercial activities was in bad faith and in willful disregard of Plaintiffs' rights, with intent to trade on and appropriate the reputation and goodwill which Plaintiffs have built up

7

Case 1:08-cv-01841-PAC     Document 1     Filed 02/25/2008     Page 8 of 13

in the SLEEPY'S Mark and the SLEEPY'S Family of Marks, and to divert customers and revenues from Plaintiffs.

35.     The aforementioned actions and activities of Defendant have caused and will continue to cause damage and irreparable harm and injury to Plaintiffs unless and until such time as they are enjoined by this Court.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

36.     Plaintiffs reallege and incorporate herein by reference all of the allegations set forth in Paragraphs 1 through 35 above.

37.     Defendant has engaged and is continuing to engage in acts of trademark infringement in violation of the common law of the State of New York.

38.     Upon information and belief, the adoption and use by Defendant of the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE in connection with its goods, services and commercial activities was in bad faith and in willful disregard of Plaintiffs' rights, with intent to trade on and appropriate the reputation and goodwill which Plaintiffs have built up in the SLEEPY'S Mark and the SLEEPY'S Family of Marks, and to divert customers and revenues from Plaintiffs.

39.     The aforementioned actions and activities of Defendant have caused and will continue to cause damage and irreparable harm and injury to Plaintiffs unless and until such time as they are enjoined by this Court.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

40.     Plaintiffs reallege and incorporate herein by reference all of the allegations set forth in Paragraphs 1 through 39 above.

41.    The aforementioned activities of Defendant constitute unfair competition, including but not limited to the unlawful passing off of its goods and services as those of Plaintiffs, in violation of the common law of the State of New York.

42.    Upon information and belief, the adoption and use by Defendant of the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE in connection with its goods, services and commercial activities was in bad faith and in willful disregard of Plaintiffs' rights, with intent to trade on and appropriate the reputation and goodwill which Plaintiffs have built up in the SLEEPY'S Mark and the SLEEPY'S Family of Marks, and to divert customers and revenues from Plaintiffs.

43.    The aforementioned actions and activities of Defendant have caused and will continue to cause damage and irreparable harm and injury to Plaintiffs unless and until such time as they are enjoined by this Court.

**COUNT VI**
**DILUTION UNDER NEW YORK GENERAL BUSINESS LAW § 360-l**

44.    Plaintiffs reallege and incorporate herein by reference all of the allegations set forth in Paragraphs 1 through 43 above.

45.    The SLEEPY'S Mark is distinctive and well known, having been used by Plaintiffs and their predecessors in connection with the promotion and sale of its goods and services in New York and elsewhere for over 50 years.

46.    Defendant began using the SLEEPY and/or SLEEPY BEDDING & FURNITURE names after the SLEEPY'S Mark became well known, and thereby caused, and is causing, the dilution of the distinctive quality of the SLEEPY'S Mark and/or the likelihood of injury to the business reputation of Plaintiffs in violation of NY Gen. Bus. Law § 360-l.

9

47.     Upon information and belief, the adoption and use by Defendant of the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE in connection with its goods, services and commercial activities was in bad faith and in willful disregard of Plaintiffs' rights, with intent to trade on and appropriate the reputation and goodwill which Plaintiffs have built up in the SLEEPY'S Mark and the SLEEPY'S Family of Marks, and to divert customers and revenues from Plaintiffs.

48.     The aforementioned actions and activities of Defendant have caused and will continue to cause damage and irreparable harm and injury to Plaintiffs unless and until such time as they are enjoined by this Court.

## COUNT VII
## NEW YORK DECEPTIVE ACTS AND PRACTICES § 349

49.     Plaintiffs reallege and incorporate herein by reference all of the allegations set forth in Paragraphs 1 through 48 above.

50.     At all times herein relevant, Defendant has been engaged in the trade or commerce of advertising for sale, offering for sale and selling goods, namely mattress and bedding products, to consumers in the State of New York.

51.     The conduct of Defendant as set forth above and incorporated herein, including its adoption and use in its business of the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE, which are confusingly similar to Plaintiffs' SLEEPY'S Mark, and its intent to trade on the good will of Plaintiffs and the SLEEPY'S Mark and to pass off its goods as those of Plaintiffs, constitute misleading and deceptive acts or practices within the meaning of NY Gen. Bus. Law § 349.

52.    The aforementioned actions and activities of Defendant have caused and will continue to cause damage and irreparable harm and injury to Plaintiffs unless and until such time as they are enjoined by this Court.

WHEREFORE, Plaintiffs pray for relief as follows:

a.    that Defendant Sleepy Bedding & Furniture, Corp., its officers, directors, principals, agents, servants, employees, successors, assigns, affiliates, licensees, manufacturers, distributors, and all that are in active concert or participation with it, or any of them, be enjoined and restrained during the pendency of this action and permanently thereafter from:

1.    infringing or diluting the SLEEPY'S Mark or other trademarks of Plaintiffs, including through use of the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE or any variation thereof which is confusingly similar to the SLEEPY'S Mark;

2.    making any statement or representation whatsoever with respect to the infringing goods and services at issue that either falsely designates Plaintiffs as the origin of the goods or is otherwise false or misleading;

3.    otherwise making unauthorized use of or infringing upon the SLEEPY'S Mark or other trademarks of Plaintiffs;

4.    conducting business under the name "Sleepy Bedding & Furniture, Corp.";

5.    any other conduct that would cause or is likely to cause confusion, mistake, or misunderstanding as to the source, affiliation, connection, or

11

association of Defendant or Defendant's goods and services with Plaintiffs

or Plaintiffs' goods and services;

6.    competing unfairly with Plaintiffs in any manner; and

7.    engaging in any other activity, including the effectuation of assignments

or transfers of their interests in counterfeits, simulations, reproductions,

copies, or colorable imitations of the SLEEPY'S Mark, or any other

intellectual property of Plaintiffs, including the formation of other

corporations, partnerships, associations or other entities or the utilization

of any other devices, for the purpose of circumventing, evading, avoiding

or otherwise violating the prohibitions set forth herein;

b.    that Defendant deliver up during the pendency of this action and for destruction upon

entry of judgment any and all copies of materials used by Defendant to advertise,

promote, or solicit sales for Defendant's goods or services using the marks or names

SLEEPY and/or SLEEPY BEDDING & FURNITURE;

c.    that the Court award to Plaintiffs the damages caused to Plaintiffs by Defendant's

unlawful activities;

d.    that the Court order Defendant to account for and pay over to Plaintiffs all profits realized

by Defendant in connection with its unlawful activities;

e.    that the Court increase the damages awarded to Plaintiffs up to three times, and that

Plaintiffs be awarded its costs and attorney fees, pursuant to 15 U.S.C. §1117, NY Gen.

Bus. Law § 349(h), NY Gen. Bus. Law § 360(m) and/or as otherwise provided by law;

and

f.    that Defendant be ordered to pay Plaintiffs punitive damages as provided by law;

g.    that Defendant be ordered to pay Plaintiffs the costs of this action and reasonable

attorney's fees and investigatory fees;

h.    that Defendant be ordered to pay Plaintiffs prejudgment interest; and

i.    that the Court order such further and additional relief as it may deem just and proper.


## DEMAND FOR JURY TRIAL

Plaintiffs request trial by jury of all issues so triable.


Respectfully submitted,

Carrie A. Hanlon (CH2273)
WIGGIN and DANA LLP
400 Atlantic Street
Stamford, Connecticut 06901
Telephone: (203) 363-7600
Facsimile:   (203) 363-7676
E-Mail: chanlon@wiggin.com

Attorneys for Plaintiffs

\17202\7\143650.1

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| SINT, LLC and SLEEPY'S, LLC, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. |
| | : | 08-cv-01841 (PAC) |
| v. | : | |
| | : | |
| SLEEPY BEDDING & FURNITURE, CORP., | : | |
| | : | |
| Defendant. | : | July 14, 2008 |
| | : | |

**AFFIDAVIT OF CARRIE A. HANLON
IN SUPPORT OF DEFAULT JUDGMENT**

STATE OF CONNECTICUT         }
                                                  } ss:
COUNTY OF FAIRFIELD           }


Carrie A. Hanlon, being duly sworn, deposes and says:


1.      I am a member of the Bar of this Court and am a partner with the firm of

Wiggin and Dana LLP, attorneys for Plaintiffs in the above-entitled action. I am familiar

with all the facts and circumstances in this action.


2.      I make this affidavit pursuant to Rule 55.1 and Rule 55.2(a) of the Civil

Rules for the Southern District of New York, in support of Plaintiffs' application for the

entry of a default judgment against Defendant.

3.      This is an action for trademark infringement and related claims and seeks injunctive relief and monetary damages, including attorney's fees, to which Plaintiffs are entitled as a result of Defendant's conduct, as described further below.

**Factual Background**

4.      "When the Court enters a default judgment, it must 'accept[] as true all of the factual allegations of the complaint.'" *Tiffany (NJ) Inc. v. Luban*, 282 F. Supp.2d 123, 124 (S.D.N.Y. 2003), *quoting Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2$^d$ Cir. 1981). Certain of the factual allegations recited in Plaintiffs' Complaint are reproduced below:

A.      Plaintiff Sleepy's, LLC is in the business of distributing and selling a variety of name-brand mattresses and related furniture and bedding products, such as bed frames, headboards and footboards, motorized beds, futons, folding beds, and mattress pads, through more than 600 retail stores in 11 states. All of the retail stores operate under the tradename "SLEEPY'S." The first SLEEPY'S store opened in New York in 1957. Sleepy's currently operates more than 100 retail stores in metropolitan New York alone, including several in Queens. (Complaint ¶ 8).

B.      Plaintiff Sint, LLC is the owner of U.S. Trademark Registration No. 1,265,009 for "SLEEPY'S" for "mattresses and foundations," and for "retail furniture store services" (the "SLEEPY'S Mark"). The SLEEPY'S Mark was

2

registered on January 24, 1984. The SLEEPY'S Mark has become incontestable within the meaning of 15 U.S.C. § 1065. (Complaint ¶ 9).

C. Plaintiff Sint, LLC is also the owner of approximately fifteen (15) additional U.S. trademark registrations, all of which incorporate or are related to the SLEEPY'S Mark, including but not limited to U.S. Trademark Registration Nos. 1,547,769; 1,946,855; 2,265,627; 2,322,385; 2,800,711; 2,800,712 (collectively, the "SLEEPY'S Family of Marks"). (Complaint ¶ 10).

D. Plaintiff Sleepy's, LLC is the exclusive licensee of the SLEEPY'S Mark from Plaintiff Sint. Plaintiffs, directly and through certain predecessor entities, have used the SLEEPY'S Mark continuously since 1957, and continuously in interstate commerce since at least as early as 1977. (Complaint ¶ 11).

E. Plaintiff Sleepy's, LLC is also the exclusive licensee of the SLEEPY'S Family of Marks from Plaintiff Sint, LLC. Plaintiffs, directly and through certain predecessor entities, have used and continue to use the SLEEPY'S Family of Marks in interstate commerce. (Complaint ¶ 12).

F. As a result of the long and extensive use and advertisement of the SLEEPY'S Mark and the SLEEPY'S Family of Marks in connection with Plaintiffs' goods and services, the SLEEPY'S Mark has become closely associated with

Plaintiffs, has become exceedingly well-recognized and has acquired great value, and identifies Plaintiffs and their goods and services exclusively. (Complaint ¶ 15).

G.    Defendant Sleepy Bedding & Furniture, Corp. ("Defendant") is a corporation organized and existing under the laws of the State of New York, having a place of business at 95-03 Roosevelt Ave., Jackson Heights, New York 11372. Defendant conducts business in the sale of various mattress and bedding products through a retail store located at the foregoing address. Defendant was incorporated on or about December 17, 2007, and began its retail operations at or near that time. (Complaint ¶ 16).

H.    The mattress and bedding products offered by Defendant in its retail store location are of the same or similar type as offered and sold by Plaintiffs and are offered in the same channels of trade to the same general class of potential consumers as are the products of Plaintiffs. (Complaint ¶ 17).

I.    Upon information and belief, Defendant commenced offering its retail products and services under the marks or names "SLEEPY" and/or "SLEEPY BEDDING & FURNITURE" within the last seven (7) months, long after the commencement of business in the same types of goods and services by Plaintiffs inside and outside the State of New York, long after Plaintiffs and their predecessors first used the SLEEPY'S Mark, more than twenty years after the SLEEPY'S Mark was registered, and well after the SLEEPY'S Mark became

4

well-known to the public inside and outside of the State of New York in connection with the goods and services offered by Plaintiffs. (Complaint ¶ 18).

    J.    Defendant's use of the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE will enable Defendant to trade upon and utilize the goodwill established by Plaintiffs in the SLEEPY'S Mark and the SLEEPY'S Family of Marks. (Complaint ¶ 20).

    K.    Plaintiffs notified Defendant of its unauthorized use of the SLEEPY'S Mark on at least two occasions prior to the filing of this action, and Defendant failed to acknowledge or respond to either notice. Defendant has refused to voluntarily discontinue its use of the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE despite repeated requests to do so. Defendant is fully aware of the intellectual property rights of Plaintiffs and has acted and continues to act in reckless disregard of those rights. (Complaint ¶ 22).

**Nature of Plaintiffs' Claims**

5.    Plaintiffs' Complaint set forth seven (7) causes of action against Defendant, all of which are related to Defendant's unauthorized use of the name SLEEPY and/or SLEEPY BEDDING & FURNITURE, which are confusingly similar to the SLEPPY'S Mark.

    A.    *Trademark Infringement (15 U.S.C. § 1114(1))*

Defendant, without the consent of Plaintiffs, is using in interstate commerce the marks or names, SLEEPY and/or SLEEPY BEDDING & FURNITURE, in connection with the sale, offering for sale, distribution and advertising of goods and services, which, because of their confusing similarity to the SLEEPY'S Mark and, *inter alia,* the fact that the identical kinds of goods are offered and sold under the SLEEPY and/or SLEEPY BEDDING & FURNITURE names as those offered and sold under the SLEEPY'S Mark and the fact that such goods are offered and sold under the SLEEPY and/or SLEEPY BEDDING & FURNITURE names in the same channels of trade and to the same types of consumers as the goods sold under the SLEEPY'S Mark, are likely to cause confusion or mistake among consumers, or to deceive consumers, as to the source of such goods and services, in violation of 15 U.S.C. §1114(1).

B.     *False Designation of Origin (15 U.S.C. § 1125(A))*

Defendant, without the consent of Plaintiffs, is using the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE in commerce in connection with goods and services, which is likely to cause confusion, or cause mistake, or to deceive consumers as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services or commercial activities by Plaintiffs, in violation of 15 U.S.C. §1125(a).

C.     *Trademark Dilution (15 U.S.C. § 1125(B))*

6

The SLEEPY'S Mark is distinctive and famous, having been used by Plaintiffs and their predecessors in connection with the promotion and sale of its goods and services for over 50 years.

Defendant began using the SLEEPY and/or SLEEPY BEDDING & FURNITURE names after the SLEEPY'S Mark became famous, and thereby caused, and is causing, the dilution of the distinctive quality of the SLEEPY'S Mark in violation of 15 U.S.C. §1125(c).

D.    *Common Law Trademark Infringement*

Defendant has engaged and is continuing to engage in acts of trademark infringement in violation of the common law of the State of New York.

E.    *Common Law Unfair Competition*

The aforementioned activities of Defendant constitute unfair competition, including but not limited to the unlawful passing off of its goods and services as those of Plaintiffs, in violation of the common law of the State of New York.

F.    *Dilution Under New York General Business Law § 360-1*

The SLEEPY'S Mark is distinctive and well known, having been used by Plaintiffs and their predecessors in connection with the promotion and sale of its goods and services in New York and elsewhere for over 50 years.

Defendant began using the SLEEPY and/or SLEEPY BEDDING & FURNITURE names after the SLEEPY'S Mark became well known, and thereby

7

caused, and is causing, the dilution of the distinctive quality of the SLEEPY'S

Mark and/or the likelihood of injury to the business reputation of Plaintiffs in

violation of NY Gen. Bus. Law § 360-l.


G.    *New York Deceptive Acts and Practices § 349*

At all times herein relevant, Defendant has been engaged in the trade or

commerce of advertising for sale, offering for sale and selling goods, namely

mattress and bedding products, to consumers in the State of New York.

The conduct of Defendant as set forth above and incorporated herein,

including its adoption and use in its business of the marks or names SLEEPY

and/or SLEEPY BEDDING & FURNITURE, which are confusingly similar to

Plaintiffs' SLEEPY'S Mark, and its intent to trade on the good will of Plaintiffs

and the SLEEPY'S Mark and to pass off its goods as those of Plaintiffs, constitute

misleading and deceptive acts or practices within the meaning of NY Gen. Bus.

Law § 349.


H.    *Willfulness*

Upon information and belief, the adoption and use by Defendant of the

marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE in

connection with its goods, services and commercial activities was in bad faith and

in willful disregard of Plaintiffs' rights, with intent to trade on and appropriate the

reputation and goodwill which Plaintiffs have built up in the SLEEPY'S Mark

and the SLEEPY'S Family of Marks, and to divert customers and revenues from

Plaintiffs. Plaintiffs claim of willfulness is substantiated by the fact that Defendant disregarded both cease and desist letters sent to Defendant and continued to use the offensive name after receipt of those letters, attached hereto collectively as Exhibit A. Further, Plaintiffs have pictures, attached hereto collectively as Exhibit B, of this continued use of the offensive name by Defendant.

## Jurisdiction

6.    This Court has jurisdiction over the subject matter of this action and of the parties pursuant to 28 U.S.C. §§1331, 1332, 1338 and 1367; 15 U.S.C. §1121; and the doctrine of pendent jurisdiction.

7.    Defendant is subject to personal jurisdiction in this judicial district because Defendant resides and conducts business in this judicial district.

## Procedural History of This Action

8.    This action was commenced on February 25, 2008, by the filing of the Summons and Complaint. (D.I. #1.) A copy of the Summons and Complaint was served on Defendant Sleepy Bedding & Furniture, Corp. on February 25, 2008, by personal service on Basem Jad, and proof of service by the Process Server was filed with the Court on February 29, 2008. (D.I. #2.) Defendant has not answered the Complaint, and the time for the Defendant to answer the Complaint has expired.

9.    On March 8, 2008, the Defendant, a corporation, filed a Notice of Appearance Pro Se.  (D.I. #4.)  At the same time, the Defendant filed a Motion to Dismiss under Fed. R. Civ. P. 12(b), generally arguing that "Sleepy Bedding & Furniture" had been "approved" by the State of New York.  (*See* D.I. #3.)

10.    On March 17, 2008, the Court ordered that: a) the Defendant appear by an attorney within thirty (30) days due to it being a corporation; b) the Defendant's Motion to Dismiss Under 12(b) would not be considered; and c) the failure of Defendant to appear by an attorney may result in a default judgment.  (*See* D.I. #5.)

11.    By letter dated April 15, 2008, and received on April 16, 2008 (the last day of Defendant's Court-ordered period to appear by an attorney), Defendant sought an additional thirty (30) day extension of time within which to retain counsel and respond to the Complaint, which request Plaintiffs opposed.  On April 18, 2008, the Court granted Defendant an additional thirty (30) days to appear by attorney and warned that failure to do so would result in a default judgment.  (*See* D.I. #6.)

12.    The deadline established by the Court's April 18, 2008 Order has passed, and Defendant has failed to appear or seek additional time.

13.    Plaintiffs filed a Request for Certificate of Default on June 6, 2008.  (D.I. #7.)  Default was entered by the Clerk of the Court on June 6, 2008.

**Remedies Sought By Plaintiffs**

14.     Through their application for default judgment and supporting papers,
Plaintiffs seek an injunction and an award of attorneys' fees and costs incurred in
connection with this action.  Plaintiffs are entitled to both the injunction and the award of
attorneys' fees and costs, as discussed in detail below.

15.     Attorney's fees are awarded under the 15 U.S.C. § 1117(a) of the Lanham
Act for exceptional cases, which includes cases involving fraud or bad faith or willful
infringement. *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 221-22 (2d Cir.
2003).  Taking the facts alleged in the Complaint as true, Defendant has acted willfully
and in bad faith by adopting and using the marks or names SLEEPY and/or SLEEPY
BEDDING & FURNITURE in connection with its goods, services and commercial
activities, with intent to trade on and appropriate the reputation and goodwill which
Plaintiffs have built up in the SLEEPY'S Mark and the SLEEPY'S Family of Marks, and
to divert customers and revenues from Plaintiffs.  Plaintiffs claim of willfulness is
substantiated by the fact that Defendant disregarded both cease and desist letters sent to
Defendant and continued to use the offensive name after receipt of those letters, attached
as Exhibit A.  Further, Plaintiffs have pictures, attached as Exhibit B, of this continued
use of the offensive name by Defendant.

16.     Exhibit C is a true copy of the monthly statements directed by Wiggin and
Dana LLP to Plaintiffs for services and disbursements rendered in this matter from
January 25, 2008, to June 30, 2008, which covers the preparation of two cease and desist

letters, the preparation, filing and service of the Complaint, and the preparation, filing and service of other papers in this action.  The costs and fees outlined below do not include the preparation and filing of this Affidavit or the concurrently filed Application for Default Judgment.  Entries and information unrelated to the present matter have been redacted from Exhibit C.

17.     Based on my experience in handling numerous trademark litigations, I believe that the attorney's fees and costs that were incurred in connection with these activities, including the detailed facts and law, were reasonable and warranted, and that the hourly rates of the attorneys involved are reasonable and in line with rates charged in Fairfield County, Connecticut and New York County, New York for attorneys of comparable experience.

18.     As illustrated in Exhibit C, Carrie A. Hanlon spent 12.3 hours and Laura A. Chubb spent 18.4 hours on this matter.  Carrie A. Hanlon charges a reasonable hourly rate of $ 410.00, and Laura A. Chubb charges a reasonable hourly rate of $ 315.00.  The services rendered and the date of those services are also shown in Exhibit C.

19.     The proposed reasonable amount of attorneys' fees due to Plaintiffs is $ 10,839 and was arrived at by the following calculation:

Carrie A. Hanlon:  12.3 hours at $ 410.00/hour = $ 5,043.00

Laura A. Chubb: 18.4 hours at $ 315.00/hour = $ 5,796.00

$ 5,043.00 + $ 5,796.00 = $ 10,839.00, total amount of reasonable

attorneys' fees requested.

20.    In addition to the attorneys' fees, Plaintiffs have also incurred certain costs

in connection with this action, which they seek to recover from Defendant.  Those costs,

which are reflected in Exhibit C, are:

Filing Fee (for Complaint): $ 350.00

Process Server Fee: $ 144.00

Overnight Delivery Charges (to serve papers on Defendant): $ 10.98

The total costs of $ 504.98 incurred by Plaintiffs in connection with this matter

are reasonable and necessary and should be included in any default judgment issued

against Defendant, as provided by 15 U.S.C. § 1117(a).

WHEREFORE, for the reasons detailed herein and in the concurrently filed

Plaintiffs' Application for Entry of Default Judgment Against Defendant, Plaintiffs

request that a default judgment be entered against Defendant, the terms of which would

comport with the relief requested by Plaintiffs herein.

I declare under penalty of perjury that the foregoing is true and correct.

Carrie A. Hanlon

Sworn to before me

this ____ day of July, 2008

_____

Notary Public

My Commission Expires:

Jan A. Murray
Notary Public. State of Connecticut
My Commission Expires June 30, 2013

13

# EXHIBIT A



Wiggin and Dana LLP          Carrie A. Hanlon
400 Atlantic Street          203.363.7633
P.O. Box 110325              203.363.7676 fax
Stamford, Connecticut        chanlon@wiggin.com
06911-0325
www.wiggin.com

**W I G G I N   A N D   D A N A**

*Counsellors at Law*

**VIA CERTIFIED MAIL –
RETURN RECEIPT REQUESTED**

January 25, 2008

Sleepy Bedding & Furniture, Corp.
95-03 Roosevelt Ave.
Jackson Heights, New York  11372

Re:     Infringement of SLEEPY'S trademark

To whom it may concern:

This firm represents Sint, LLC and Sleepy's, LLC (collectively, "Sleepy's").

Sleepy's is the owner of all right, title and interest in U.S. Trademark Registration No.
1,265,009 for SLEEPY'S for "mattresses and foundations" and for "retail furniture store
services" (the "SLEEPY'S Mark"), which was registered by the United States Patent &
Trademark Office on January 24, 1984, and has been used in commerce since 1957 and in
interstate commerce since at least 1977.  Additionally, Sleepy's owns more than fifteen (15)
additional U.S. trademark registrations, all of which incorporate or are related to the
SLEEPY'S Mark.

Your use of the mark or name SLEEPY BEDDING & FURNITURE in connection with
the sale of mattresses and bedding products through a retail store located in Jackson Heights,
Queens constitutes an infringement of Sleepy's valuable and incontestable intellectual
property rights, in violation of several federal and state statutes and the common law,
including but not limited to the Lanham Act, 15 U.S.C. § 1051*et seq.*  This is so because the
confusing similarity between the mark or name SLEEPY BEDDING & FURNITURE and
the SLEEPY'S Mark, coupled with the fact that the identical kinds of good are offered and
sold under the SLEEPY BEDDING & FURNITURE name as those offered and sold under
the SLEEPY'S Mark and the fact that such goods are offered and sold under the SLEEPY
BEDDING & FURNITURE name in the same channels of trade and to the same types of
consumers as the goods sold under the SLEEPY'S Mark, are likely to cause confusion or
mistake among consumers, or to deceive consumers, as to the source of such goods and
services.  Moreover, in light of the fact that Sleepy's owns and operates more than 100 retail
locations in the metropolitan New York area alone (and more than 600 nationwide), in
conjunction with an extensive print, radio and TV advertising campaign, it would appear
that your selection of the SLEEPY BEDDING & FURNITURE name was a deliberate
attempt to trade off the goodwill and reputation of the SLEEPY'S Mark, which amounts to
willful infringement of Sleepy's rights.

*New Haven  Stamford  New York  Hartford  Philadelphia*

Sleepy Bedding & Furniture, Corp.
January 25, 2008
Page 2

**WIGGIN AND DANA**

*Counsellors at Law*

The SLEEPY'S Mark and other intellectual property rights owned by Sleepy's are very valuable assets that Sleepy's intends to vigorously protect. <u>Therefore, Sleepy's hereby demands that your company immediately cease using the name SLEEPY BEDDING & FURNITURE, or any variation thereof, in connection with any business activities related to the sale or offering for sale of mattresses, furniture, bedding or related goods and services;</u> take all steps necessary to change your business name so that it is not confusingly similar to the SLEEPY'S Mark; destroy all signage, labels, stationary, packaging, promotional and advertising and the like, whether in paper or electronic form, bearing the name SLEEPY BEDDING & FURNITURE; and provide an accounting of all sales made by your company under the name SLEEPY BEDDING & FURNITURE since its inception.

This letter constitutes Sleepy's good faith effort to resolve this matter cooperatively and without litigation. We urge you to consider the seriousness with which our client regards its intellectual property rights and to govern yourself accordingly, so as to avoid unnecessary trouble and expense in resolving this matter. This letter does not limit or prejudice Sleepy's rights and remedies related to this matter, which hereby are expressly reserved.

Sincerely,

Carrie A. Hanlon

cc:    Adam S. Blank, Esq. (via email)

Wiggin and Dana LLP
400 Atlantic Street
P.O. Box 110325
Stamford, Connecticut
06911-0325
www.wiggin.com

Carrie A. Hanlon
203.363.7633
203.363.7676 fax
chanlon@wiggin.com

$F$

**WIGGIN AND DANA**

*Counsellors at Law*

**VIA CERTIFIED MAIL –
RETURN RECEIPT REQUESTED
AND FEDERAL EXPRESS**

February 13, 2008

Sleepy Bedding & Furniture, Corp.
95-03 Roosevelt Ave.
Jackson Heights, New York 11372

Re:     Infringement of SLEEPY'S trademark

To whom it may concern:

As you know, this firm represents Sint, LLC and Sleepy's, LLC (collectively, "Sleepy's") in intellectual property matters.

On January 25, 2008, we sent you a legal demand letter (which was received on January 28, 2008) regarding your unauthorized use of the SLEEPY'S Mark for the sale of mattresses and bedding products. A copy of that letter is enclosed.

Despite our request that you promptly respond and cease using the name SLEEPY BEDDING & FURNITURE, we have not yet heard from you nor have you ceased use of name. The SLEEPY'S Mark and other intellectual property rights owned by Sleepy's are very valuable assets that Sleepy's intends to vigorously protect. Therefore, we have prepared the enclosed federal lawsuit against your company, which states claims under federal and state law and seeks monetary damages as well as preliminary and permanent injunctive relief prohibiting you from continuing to use the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE. The lawsuit also seeks enhanced or punitive damages as a result of your willful disregard for Sleepy's rights, which your actions to date plainly support. We will file this lawsuit in federal court next week, unless we receive written confirmation from you prior to that time that you will immediately cease and desist from using the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE, or any variations thereof, in connection with any business activities related to the sale or offering for sale of mattresses, furniture, bedding or related goods and services; that you will refrain from using any mark or name that is confusingly similar to the SLEEPY'S Mark in connection with any business activities related to the sale or offering for sale of mattresses, furniture, bedding or related goods and services; and that you provide an accounting of all sales made by your company under the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE since its inception.

*New Haven   Stamford   New York   Hartford   Philadelphia*

Sleepy Bedding & Furniture, Corp.
February 13, 2008
Page 2

**WIGGIN AND DANA**

*Counsellors at Law*

This letter constitutes Sleepy's final good faith effort to resolve this matter cooperatively and without litigation. This letter does not limit or prejudice Sleepy's rights and remedies related to this matter, which hereby are expressly reserved.

Sincerely,

Carrie A. Hanlon

Enclosures

cc:      Adam S. Blank, Esq. (via email, w/encl.)

# EXHIBIT B





# EXHIBIT C

WIGGIN AND DANA

*Counsellors at Law*

Wiggin and Dana llp
One Century Tower
P.O. Box 1832
New Haven, Connecticut
06508-1832
203.498.4400
203.782.2889 fax

Tax id: 06-0590100

New Haven ct
Hartford ct
Stamford ct
Conshohocken pa
New York ny

Adam Blank, Esq.
General Counsel
Sleepy's, Inc.
175 Central Avenue South
Bethpage, NY  11714-4940

*Please Indicate Invoice Number on Remittance*
**Invoice No. 8399897**
February 8, 2008

FOR PROFESSIONAL SERVICES RENDERED
For the period through January 2008

**Matter No. 00017202-000007**
**Re: General IP Matters**

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 01/02/08 | | | |
| 01/02/08 | | | |
| 01/04/08 | | | |
| 01/07/08 | | | |
| 01/07/08 | | | |

REDACTED

February 8, 2008
Invoice No. 8399897

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 01/10/08 | | | |
| 01/11/08 | | | |

**REDACTED**

| 01/11/08 | | | |
| 01/15/08 | | | |

| 01/25/08 | C. Hanlon | Exchange emails with A. Blank regarding infringement by Sleepy Bedding & Furniture; research regarding same; prepare cease and desist letter; **REDACTED** | 1.50 reduce to 1.0 hr. for this matter |
| 01/28/08 | | | |
| 01/29/08 | | | |
| 01/30/08 | | | |

**REDACTED**

| 01/30/08 | | | |

February 8, 2008                                                    Page 3 of 4
Invoice No. 8399897

**Date**          **Timekeeper**    **Description**                        **Hours**
01/31/08

01/31/08

**REDACTED**

Total Hours

Total Fees

**Disbursements**

**REDACTED**

Total Disbursements This Matter

Total Fees and Disbursements This Matter            **REDACTED**

February 8, 2008
Invoice No. 8399897

Page 4 of 4

**\*\*\* Totals All Matters \*\*\***

Total Hours

Total Fees

Total Disbursements

Total Fees and Disbursements All Matters

**REDACTED**

Total Due This Invoice

Previous Outstanding Balance

Total Amount Due

PAYMENT INSTRUCTIONS

\*Please indicate invoice number on remittance
Please send funds to:
Wiggin and Dana LLP
P.O. Box 7247-7112
Philadelphia, PA 19170-7112

\*If you prefer to wire transfer payment, please send funds to:
Citibank, NA – New York, NY
ABA no. 021000089
Account no. 30456164
Swift no. CITIUS33

**Fee Summary**

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| C. Hanlon | | 410.00 | |
| L. Chubb | | 315.00 | **REDACTED** |
| **Totals** | | | |

PAYMENT DUE UPON RECEIPT
THIS STATEMENT DOES NOT INCLUDE EXPENSES NOT YET RECEIVED BY THIS OFFICE
WHICH MIGHT HAVE BEEN INCURRED DURING THE PERIOD COVERED BY THIS BILLING.

LP

WIGGIN AND DANA

*Counsellors at Law*

Wiggin and Dana llp
One Century Tower
P.O. Box 1832
New Haven, Connecticut
06508-1832
203.498.4400
203.782.2889 fax

Tax id: 06-0590100

New Haven ct
Hartford ct
Stamford ct
Philadelphia pa
New York ny

Adam Blank, Esq.
General Counsel
Sleepy's, Inc.
175 Central Avenue South
Bethpage, NY 11714-4940

*Please Indicate Invoice Number on Remittance*
**Invoice No. 8400969**
March 10, 2008

FOR PROFESSIONAL SERVICES RENDERED
For the period through February 2008

**Matter No. 00017202-000007**
**Re: General IP Matters**

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 02/01/08 | | | |
| 02/01/08 | | REDACTED | |
| 02/04/08 | | | |
| 02/04/08 | | | |
| 02/08/08 | C. Hanlon | Email to A. Blank regarding proposed strategy for addressing Sleepy Bedding & Furniture infringement | 0.20 |

March 10, 2008                                                                                  Page 2 of 5
Invoice No. 8400969

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 02/13/08 | C. Hanlon | Call with A. Blank regarding status and strategy for Sleepy Bedding & Furniture; prepare complaint and second demand letter; research regarding New York causes of action; update status chart | 3.00 |
| 02/15/08 | | | |
| 02/15/08 | | | |
| 02/19/08 | | **REDACTED** | |
| 02/19/08 | | | |
| 02/20/08 | C. Hanlon | call with A. Blank regarding decision to proceed with lawsuit against Sleepy Bedding & Furniture; discuss preparation of materials for same with L. Chubb; assemble paperwork and review applicable local rules | ~~1.00~~ *reduce to .8 hr* |
| 02/20/08 | F. Duffin | **REDACTED** | |
| 02/21/08 | L. Chubb | Prepare complaint and filing documents to Sleepy Bedding & Furniture for filing and service | 3.00 |
| 02/21/08 | | **REDACTED** | |
| 02/21/08 | C. Hanlon | Exchange emails with L. Chubb regarding preparation of case initiating documents and questions regarding same; review and revise draft papers | 0.50 |
| 02/22/08 | C. Hanlon | Revise and finalize papers for lawsuit against Sleepy Bedding & Furniture; discuss issues regarding filing suit with L. Chubb; exchange emails with A. Blank regarding same; discuss strategy for filing suit with L. Chubb | 1.30 |
| 02/22/08 | L. Chubb | Conference with C. Hanlon regarding filing complaint; conference with R. Stewart regarding same; prepare filing documents for filing complaint against Sleepy in Queens | 1.30 |
| 02/25/08 | | **REDACTED** | |

March 10, 2008                                                                          Page 3 of 5
Invoice No. 8400969

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 02/26/08 | L. Chubb | Prepare and mail letter to Sleepy Bedding regarding local rules; prepare and mail letter to Judge including courtesy copy of complaint; e-mail initiating documents to the Clerk of the Court; conference with C. Hanlon regarding same; conference with R. Stewart regarding same | 2.40 |
| 02/26/08 | C. Hanlon | Exchange emails with L. Chubb regarding tasks required to be completed by court; review cover letter to defendant enclosing court's rules; review Judge Crotty's personal rules; prepare Rule 7.1 corporate disclosure statement; review and revise cover letter to judge enclosing courtesy copies of initiating documents; review proof of service | 1.50 |
| 02/27/08 | | | |
| 02/28/08 | | | |
| 02/28/08 | | **REDACTED** | |
| 02/29/08 | | | |
| 02/29/08 | | | |

Total Hours

Total Fees

**Disbursements**

Filing Fee

| | 02/21/08 | Filing Fee - Clerk, U.S. District Court, SDNY - fee for filing complaint in District Court | 350.00 |

**REDACTED**

March 10, 2008
Invoice No. 8400969

Page 4 of 5

Total Disbursements This Matter

Total Fees and Disbursements This Matter



PAYMENT DUE UPON RECEIPT
THIS STATEMENT DOES NOT INCLUDE EXPENSES NOT YET RECEIVED BY THIS OFFICE
WHICH MIGHT HAVE BEEN INCURRED DURING THE PERIOD COVERED BY THIS BILLING.

LP

March 10, 2008
Invoice No. 8400969

Page 5 of 5

**\*\*\* Totals All Matters \*\*\***

Total Hours

Total Fees

Total Disbursements

Total Fees and Disbursements All Matters

Total Due This Invoice

Previous Outstanding Balance

Total Amount Due

# REDACTED

PAYMENT INSTRUCTIONS

\*Please indicate invoice number on remittance
Please send funds to:
Wiggin and Dana LLP
P.O. Box 7247-7112
Philadelphia, PA 19170-7112

\*If you prefer to wire transfer payment, please send funds to:
Citibank, NA – New York, NY
ABA no. 021000089
Account no. 30456164
Swift no. CITIUS33

**Fee Summary**

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| C. Hanlon | | 410.00 | |
| L. Chubb | | 315.00 | |
| **Totals** | | | REDACTED |

PAYMENT DUE UPON RECEIPT
THIS STATEMENT DOES NOT INCLUDE EXPENSES NOT YET RECEIVED BY THIS OFFICE
WHICH MIGHT HAVE BEEN INCURRED DURING THE PERIOD COVERED BY THIS BILLING.

LP

WIGGIN AND DANA

*Counsellors at Law*

Wiggin and Dana llp
One Century Tower
P.O. Box 1832
New Haven, Connecticut
06508-1832
203.498.4400
203.782.2889 fax

Tax id: 06-0590100

New Haven ct
Hartford ct
Stamford ct
Philadelphia pa
New York ny

Adam Blank, Esq.
General Counsel
Sleepy's, Inc.
175 Central Avenue South
Bethpage, NY  11714-4940

*Please Indicate Invoice Number on Remittance*
**Invoice No. 8401853**
April 3, 2008

FOR PROFESSIONAL SERVICES RENDERED
For the period through March 2008

**Matter No. 00017202-000007**
**Re: General IP Matters**

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 03/03/08 | | REDACTED | |
| 03/03/08 | L. Chubb | E-mail with R. Stewart regarding filing affidavit of service and summons | 0.20 |
| 03/03/08 | | | |
| 03/04/08 | | | |
| 03/04/08 | | REDACTED | |

April 3, 2008                                                    Page 2 of 4
Invoice No. 8401853

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 03/05/08 | C. Hanlon | Review letter to Judge Crotty transmitting required paperwork in Sleepy Bedding case . call from B. Jad regarding lawsuit against Sleepy Bedding & Furniture. . exchange emails with A. Blank regarding status update and litigation strategy | 1.20 |

*only .7 hr for this matter*

| 03/05/08 | | **REDACTED** | |

| 03/05/08 | L. Chubb | Prepare letter to Judge Crotty enclosing courtesy copies of the affidavit of service and summons; mail same | 1.20 |

# REDACTED

| 03/12/08 | C. Hanlon | Review electronic court notices regarding filing of Motion to Dismiss in Sleepy Bedding case; call to clerk's office regarding same | 0.40 |
| 03/13/08 | | **REDACTED** | |
| 03/14/08 | C. Hanlon | Review motion to dismiss and discuss opposition to same with L. Chubb | 0.40 |
| 03/14/08 | L. Chubb | Call clerk and calculate response deadline regarding defendant's motion to dismiss | 0.60 |
| 03/17/08 | C. Hanlon | Review order denying motion to dismiss on grounds that corporate party cannot be pro se; exchange e-mails with L. Chubb regarding same | 0.30 |
| 03/17/08 | L. Chubb | Review order and calendar deadline for defendant to retain counsel | 0.10 |
| 03/18/08 | C. Hanlon | E-mail to A. Blank regarding status of Sleepy Bedding & Furniture matter | 0.20 |

Total Hours

Total Fees                                                        **REDACTED**

April 3, 2008                                                                                    Page 3 of 4
Invoice No. 8401853

**Disbursements**

                              Overnight Delivery Service

03/05/08    Overnight Delivery Service Federal            10.98
                    Express #254076255 to Sleepy Bedding &
                    Furniture on 2/13/08

REDACTED

                              Service of Process

03/14/08    Service of Process -  Essential Services     144.00
                    Group - 2/25/08, served Summons in a
                    Civil Action and other documents to
                    Sleepy Bedding & Furniture, Corp.

REDACTED

Total Disbursements This Matter

                                                    REDACTED

Total Fees and Disbursements This Matter

April 3, 2008                                                               Page 4 of 4
Invoice No. 8401853

**\*\*\* Totals All Matters \*\*\***

Total Hours

Total Fees                                          **REDACTED**

Total Disbursements

Total Fees and Disbursements All Matters

Total Due This Invoice

Previous Outstanding Balance

Total Amount Due

PAYMENT INSTRUCTIONS

\*Please indicate invoice number on remittance
Please send funds to:
Wiggin and Dana LLP
P.O. Box 7247-7112
Philadelphia, PA 19170-7112

\*If you prefer to wire transfer payment, please send funds to:
Citibank, NA – New York, NY
ABA no. 021000089
Account no. 30456164
Swift no. CITIUS33

**Fee Summary**

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| C. Hanlon | | 410.00 | |
| L. Chubb | | 315.00 | |
| R. Stewart | | 200.00 | |
| **Totals** | | | |

REDACTED

PAYMENT DUE UPON RECEIPT
THIS STATEMENT DOES NOT INCLUDE EXPENSES NOT YET RECEIVED BY THIS OFFICE
WHICH MIGHT HAVE BEEN INCURRED DURING THE PERIOD COVERED BY THIS BILLING.

LP

W I G G I N  A N D  D A N A

*Counsellors at Law*

|  |  |
|---|---|
| Wiggin and Dana llp<br>One Century Tower<br>P.O. Box 1832<br>New Haven, Connecticut<br>06508-1832<br>203.498.4400<br>203.782.2889 fax | Tax id: 06-0590100<br><br>New Haven ct<br>Hartford ct<br>Stamford ct<br>Philadelphia pa<br>New York ny |

Adam Blank, Esq.
General Counsel
Sleepy's, Inc.
175 Central Avenue South
Bethpage, NY  11714-4940

*Please Indicate Invoice Number on Remittance*
**Invoice No. 8403336**
May 6, 2008

FOR PROFESSIONAL SERVICES RENDERED
For the period through April 2008

**Matter No. 00017202-000007**
**Re: General IP Matters**

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 04/09/08 | | REDACTED | |
| 04/10/08 | | | . . . |
| 04/16/08 | L. Chubb | Prepare letter to judge opposing Sleepy's request for extension of time to obtain an attorney | 0.40 |
| 04/16/08 | C. Hanlon | Exchange emails with L. Chubb regarding second request for extension of time from Sleepy Bedding and preparation of objection to same; review and revise draft objection to request for extension; email to L. Chubb regarding same | 0.80 |
| 04/17/08 | C. Hanlon | Exchange emails with L. Chubb regarding objection to request for extension of time in Sleepy Bedding matter | 0.20 |
| 04/17/08 | L. Chubb | Review judge's rules regarding opposing extension of time and fax letter to judge opposing defendant's extension of time request | 1.10 |

May 6, 2008
Invoice No. 8403336

Page 2 of 3

| Date     | Timekeeper | Description | Hours |
|----------|------------|-------------|-------|
| 04/25/08 |            |             |       |
| 04/25/08 |            |             |       |
| 04/28/08 |            |             |       |
| 04/30/08 |            |             |       |



Total Hours

Total Fees

**Disbursements**



Total Disbursements This Matter

Total Fees and Disbursements This Matter

May 6, 2008
Invoice No. 8403336

Page 3 of 3

**\*\*\* Totals All Matters \*\*\***

Total Hours

Total Fees

Total Disbursements

Total Fees and Disbursements All Matters

Total Due This Invoice

Previous Outstanding Balance

Total Amount Due

**REDACTED**

PAYMENT INSTRUCTIONS

\*Please indicate invoice number on remittance
Please send funds to:
Wiggin and Dana LLP
P.O. Box 7247-7112
Philadelphia, PA 19170-7112


\*If you prefer to wire transfer payment, please send funds to:
Citibank, NA – New York, NY
ABA no. 021000089
Account no. 30456164
Swift no. CITIUS33

**Fee Summary**

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| C. Hanlon | | 410.00 | |
| L. Chubb | | 315.00 | |
| Totals | | | |

**REDACTED**

PAYMENT DUE UPON RECEIPT
THIS STATEMENT DOES NOT INCLUDE EXPENSES NOT YET RECEIVED BY THIS OFFICE
WHICH MIGHT HAVE BEEN INCURRED DURING THE PERIOD COVERED BY THIS BILLING.

LP

WIGGIN AND DANA

*Counsellors at Law*

Wiggin and Dana llp          Tax id: 06-0590100
One Century Tower
P.O. Box 1832                New Haven ct
New Haven, Connecticut       Hartford ct
06508-1832                   Stamford ct
203.498.4400                 Philadelphia pa
203.782.2889 fax             New York ny

Adam Blank, Esq.                        *Please Indicate Invoice Number on Remittance*
General Counsel                         **Invoice No. 8404470**
Sleepy's, Inc.                          June 5, 2008
175 Central Avenue South
Bethpage, NY  11714-4940

FOR PROFESSIONAL SERVICES RENDERED
For the period through May 2008

**Matter No. 00017202-000001**

REDACTED

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 05/19/08 | | | |

Total Hours

Total Fees

# REDACTED

June 5, 2008
Invoice No. 8404470

**Matter No. 00017202-000007**
**Re: General IP Matters**

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 05/01/08 | | **REDACTED** | |
| 05/01/08 | | | |
| 05/19/08 | | | |
| 05/27/08 | L. Chubb | Review e-mail and discuss default judgment with C. Hanlon | 0.10 |
| Total Hours | | | |
| Total Fees | | | |

REDACTED

June 5, 2008                                                                Page 3 of 3
Invoice No. 8404470

**\*\*\* Totals All Matters \*\*\***

Total Hours

Total Fees                          **REDACTED**

Total Fees and Disbursements All Matters

Total Due This Invoice

Previous Outstanding Balance

Total Amount Due

PAYMENT INSTRUCTIONS

\*Please indicate invoice number on remittance
Please send funds to:
Wiggin and Dana LLP
P.O. Box 7247-7112
Philadelphia, PA 19170-7112

\*If you prefer to wire transfer payment, please send funds to:
Citibank, NA – New York, NY
ABA no. 021000089
Account no. 30456164
Swift no. CITIUS33

**Fee Summary**

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| C. Hanlon | | 410.00 | |
| L. Chubb | | 315.00 | |
| **Totals** | | | |

**REDACTED**

PAYMENT DUE UPON RECEIPT
THIS STATEMENT DOES NOT INCLUDE EXPENSES NOT YET RECEIVED BY THIS OFFICE
WHICH MIGHT HAVE BEEN INCURRED DURING THE PERIOD COVERED BY THIS BILLING.

LP

WIGGIN AND DANA

*Counsellors at Law*

Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, Connecticut
06508-1832
203.498.4400
203.782.2889 fax

Tax ID: 06-0590100

New Haven CT
Hartford CT
Stamford CT
Philadelphia PA
New York NY

Adam Blank, Esq.
General Counsel
Sleepy's, Inc.
175 Central Avenue South
Bethpage, NY 11714-4940

*Please Indicate Invoice Number on Remittance*
Invoice No. 8405965
July 10, 2008

FOR PROFESSIONAL SERVICES RENDERED
For the period through June 2008

Matter No. 00017202-000007
Re: General IP Matters

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 06/02/08 | L. Chubb | Prepare motion for default judgment and request for default certificate | 4.00 |
| 06/03/08 | L. Chubb | Prepare motion for default judgment and request for default | 1.20 |
| 06/03/08 | | | |
| 06/03/08 | | **REDACTED** | |
| 06/05/08 | C. Hanlon | Discuss procedures for obtaining default judgment in Sleepy Bedding matter with L. Chubb; review and revise draft default papers | 0.60 |
| 06/05/08 | L. Chubb | Finalize request for certificate of default and discuss same with C. Hanlon; prepare my appearance | 2.20 |
| 06/06/08 | L. Chubb | Discussion regarding filing request for certificate of default in clerk's office and ECF: file same and file notice of appearance | 0.50 |

| Date | Timekeeper | Description | Hours |
|------|------------|-------------|-------|
| 06/06/08 | C. Hanlon | Review default papers regarding Sleepy Bedding; discuss same with L. Chubb | 0.20 |
| 06/24/08 | C. Hanlon | Discuss status of motion for default and strategy regarding same with L. Chubb | 0.20 |
| 06/24/08 | L. Chubb | Discuss motion for default judgment with C. Hanlon | 0.10 |

Total Hours

Total Fees

**REDACTED**

July 10, 2008
Invoice No. 8405965

**\*\*\* Totals All Matters \*\*\***

Total Hours

Total Fees

Total Fees and Disbursements All Matters

Total Due This Invoice

Previous Outstanding Balance

Total Amount Due

# REDACTED

### PAYMENT INSTRUCTIONS

\*Please indicate invoice number on remittance
Please send funds to:
Wiggin and Dana LLP
P.O. Box 7247-7112
Philadelphia, PA 19170-7112

\*If you prefer to wire transfer payment, please send funds to:
Citibank, NA – New York, NY
ABA no. 021000089
Account no. 30456164
Swift no. CITIUS33

Fee Summary

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| C. Hanlon | | 410.00 | |
| L. Chubb | | 315.00 | |
| Totals | | | |

**REDACTED**

PAYMENT DUE UPON RECEIPT
THIS STATEMENT DOES NOT INCLUDE EXPENSES NOT YET RECEIVED BY THIS OFFICE
WHICH MIGHT HAVE BEEN INCURRED DURING THE PERIOD COVERED BY THIS BILLING.

LP