UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SINT, LLC and SLEEPY'S, LLC, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. |
| | : | 08-cv-01841 (PAC) |
| v. | : | |
| | : | |
| SLEEPY BEDDING & FURNITURE, CORP., | : | |
| | : | |
| Defendant. | : | July 14, 2008 |
| | : | |
| _____ | : | |

## PLAINTIFFS' APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule 55.2 of the Local Civil Rules, Plaintiffs Sint, LLC and Sleepy's, LLC ("Plaintiffs") hereby move for entry of a default judgment against Defendant Sleepy Bedding & Furniture, Corp. ("Defendant"). A default judgment against Defendant is proper for the following reasons:

1.    Plaintiffs filed a Request for Certificate of Default on June 6, 2008. Default was entered, signed and stamped by the Clerk of the Court on June 6, 2008, and states that Defendant was properly served and failed to answer or appear. A copy of the signed and stamped Default is attached hereto as Exhibit A.

2.    Defendant has not answered or otherwise moved in response to the Complaint filed February 25, 2008, a copy of which is attached hereto as Exhibit B.

1

3.    The factual and legal bases of the Complaint, as set forth on the concurrently-filed Affidavit of Carrie A. Hanlon, support the entry of a default judgment as requested by Plaintiffs.

WHEREFORE, Plaintiffs request that a default judgment be granted as to Defendant's liability and the remedies sought by Plaintiffs.  Plaintiffs request that default judgment be entered against Defendant as follows:

1.    Pursuant to 15 U.S.C. § 1116(a) and N.Y. Gen. Bus. Law § 360-*l*, that Defendant Sleepy Bedding & Furniture, Corp., its officers, directors, principals, agents, servants, employees, successors, assigns, affiliates, licensees, manufacturers, distributors, and all that are in active concert or participation with it, or any of them, be permanently enjoined and restrained during the pendency of this action and permanently thereafter from:

a.    infringing or diluting the SLEEPY'S Mark (as defined in the Complaint) or other trademarks of Plaintiffs, including through use of the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE or any variation thereof which is confusingly similar to the SLEEPY'S Mark;

b.    making any statement or representation whatsoever with respect to the infringing goods and services at issue that either falsely designates Plaintiffs as the origin of the goods or is otherwise false or misleading;

2

     c.     otherwise making unauthorized use of or infringing upon the SLEEPY'S Mark or other trademarks of Plaintiffs;

     d.     conducting business under the name "Sleepy Bedding & Furniture, Corp." or any name that is confusingly similar to the SLEEPY'S Mark;

     e.     any other conduct that would cause or is likely to cause confusion, mistake, or misunderstanding as to the source, affiliation, connection, or association of Defendant or Defendant's goods and services with Plaintiffs or Plaintiffs' goods and services;

     f.     competing unfairly with Plaintiffs in any manner; and

     g.     engaging in any other activity, including the effectuation of assignments or transfers of their interests in counterfeits, simulations, reproductions, copies, or colorable imitations of the SLEEPY'S Mark, or any other intellectual property of Plaintiffs, including the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth herein;

2.     Pursuant to 15 U.S.C. § 1118, that Defendant be ordered to deliver up for destruction upon entry of judgment any and all copies of materials used by Defendant to advertise, promote, or solicit sales for Defendant's goods or services using the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE;

3.    That Plaintiffs be awarded, and Defendant be ordered to pay, the costs, reasonable attorneys' fees and investigatory fees incurred by Plaintiffs, in the amount of $ 11,343,98 ($10,839.00 in attorneys' fees; $ 504.98 in costs)**,** pursuant to 15 U.S.C. §1117, NY Gen. Bus. Law § 349(h), NY Gen. Bus. Law § 360(m) and/or as otherwise provided by law.  *See* Affidavit of Carrie A. Hanlon; and

4.    That the Court order such further and additional relief as it may deem just and proper.

Respectfully submitted, this 14th day of July, 2008.

SINT, LLC and SLEEPY'S, LLC

/s/Laura A. Chubb
Carrie A. Hanlon (CH2273)
WIGGIN and DANA, LLP
400 Atlantic Street
Stamford, Connecticut 06901
Telephone: (203) 363-7600
Facsimile:   (203) 363-7676
E-Mail: chanlon@wiggin.com

Laura A. Chubb (LC2007)
WIGGIN and DANA, LLP
450 Lexington Avenue, Suite 3800
New York, New York 10017
Telephone: (212) 551-2620
Facsimile: (212) 490-0536
E-Mail: lchubb@wiggin.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

It is hereby certified that on this day a true copy of the foregoing PLAINTIFFS'

APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT

was filed electronically and served by mail on anyone unable to accept electronic filing.

Notice of this filing will be sent by e-mail to all parties by operation of the Court's

electronic filing system or by mail to anyone unable to accept electronic filing as

indicated on the Notice of Electronic Filing.  Parties may access this filing through the

Court's CM/ECF System.


Dated:  July 14, 2008.


/s/ Laura A. Chubb_____
Laura A. Chubb

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SINT, LLC and SLEEPY'S, LLC,

                      Plaintiff,

     - against -

SLEEPY BEDDING & FURNITURE, CORP.,

                   Defendant.
--------------------------------------------------------X

1:08 Civ. 01841 (PAC)

**CLERK'S CERTIFICATE**

     I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on February 25, 2008, with the filing of a summons and complaint, a copy of the summons and complaint was served on defendant by serving personally Basem Jad of Sleepy Bedding & Furniture Corp., and proof of such service thereof was filed on Februray 29, 2008.

     I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise moved with respect to the complaint herein. The default of the defendant is hereby noted.

Dated: New York, New York
       June 6, 2008

                          **J. MICHAEL MCMAHON**
                          Clerk of the Court

            By:_____
                    Deputy Clerk

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SINT, LLC and SLEEPY'S, LLC, | : | |
| Plaintiffs, | : | Civil Action No. 08-CV-01841 (PAC) |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| SLEEPY BEDDING & FURNITURE, CORP. | : | |
| Defendant. | : | February 25, 2008 |
| | : | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, TRADEMARK DILUTION AND UNFAIR COMPETITION

Plaintiffs Sint, LLC and Sleepy's, LLC, for their Complaint against Defendant Sleepy

Bedding & Furniture, Corp., hereby allege as follows.

### NATURE OF THE ACTION

1.     This is an action arising under the Trademark Laws of the United States, 15

U.S.C. §§1051 et seq. (the "Lanham Act"), and in particular for (a) trademark infringement, in

violation of 15 U.S.C. § 1114(1); (b) false designation of origin, in violation of 15 U.S.C.

§ 1125(a); and (c) trademark dilution, in violation of 15 U.S.C. § 1125(c).  This is also an action

for trademark infringement and unfair competition under the statutory and common law of the

State of New York, including under New York General Business Law § 360-l.

2.     This Court has jurisdiction over the subject matter of this action and of the parties

pursuant to 28 U.S.C. §§1331, 1332, 1338 and 1367; 15 U.S.C. §1121; and the doctrine of

pendent jurisdiction.

## THE PARTIES

3.      Plaintiff Sint, LLC ("Sint") is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at Nemours Building, 1007 Orange Street, Suite 1416, Wilmington, Delaware 19801.

4.      Plaintiff Sleepy's, LLC ("Sleepy's") is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 175 Central Avenue South, Bethpage, New York 11714-4940.  Plaintiffs Sint and Sleepy's shall be referred to collectively hereinafter as "Plaintiffs."

5.      Defendant Sleepy Bedding & Furniture, Corp. ("Defendant") is, upon information and belief, a corporation organized and existing under the laws of the State of New York, having a place of business at 95-03 Roosevelt Ave., Jackson Heights, New York  11372.

6.      Defendant is subject to personal jurisdiction in this judicial district because Defendant resides and conducts business in this judicial district.

7.      Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and (c).

## FACTUAL BACKGROUND

8.      Plaintiff Sleepy's is in the business of distributing and selling a variety of name-brand mattresses and related furniture and bedding products, such as bed frames, headboards and footboards, motorized beds, futons, folding beds, and mattress pads, through more than 600 retail stores in 11 states.  All of the retail stores operate under the tradename "SLEEPY'S."  The first SLEEPY'S store opened in New York in 1957.  Sleepy's currently operates more than 100 retail stores in metropolitan New York alone, including several in Queens.

9.      Plaintiff Sint is the owner of U.S. Trademark Registration No. 1,265,009 for "SLEEPY'S" for "mattresses and foundations," and for "retail furniture store services" (the

2

"SLEEPY'S Mark"). The SLEEPY'S Mark was registered on January 24, 1984. The

SLEEPY'S Mark has become incontestable within the meaning of 15 U.S.C. § 1065.

10.    Plaintiff Sint is also the owner of approximately fifteen (15) additional U.S.

trademark registrations, all of which incorporate or are related to the SLEEPY'S Mark, including

but not limited to U.S. Trademark Registration Nos. 1,547,769; 1,946,855; 2,265,627; 2,322,385;

2,800,711; 2,800,712 (collectively, the "SLEEPY'S Family of Marks").

11.    Plaintiff Sleepy's is the exclusive licensee of the SLEEPY'S Mark from Plaintiff

Sint. Plaintiffs, directly and through certain predecessor entities, have used the SLEEPY'S Mark

continuously since 1957, and continuously in interstate commerce since at least as early as 1977.

12.    Plaintiff Sleepy's is also the exclusive licensee of the SLEEPY'S Family of

Marks from Plaintiff Sint. Plaintiffs, directly and through certain predecessor entities, have used

and continue to use the SLEEPY'S Family of Marks in interstate commerce.

13.    Plaintiff Sleepy's also conducts business activities over the Internet, through its

website, _www.sleepys.com_, from which it advertises, offers for sale and services its complete line

of products. It also operates and promotes a shop-at-home service with the toll-free telephone

number 1-800-SLEEPYS. "1-800-SLEEPY'S" is part of the SLEEPY'S Family of Marks.

14.    Plaintiffs, directly and through certain predecessor entities, have spent several

decades and substantial sums of money advertising, promoting and otherwise cultivating

goodwill in the SLEEPY'S Mark and the SLEEPY'S Family of Marks, such that the marks have

come to be associated with high quality retail mattress, furniture and bedding goods and services,

and have attained secondary meaning in the minds of consumers as designating goods and

services of particular origin, namely, Plaintiff Sleepy's.

3

15.    As a result of the long and extensive use and advertisement of the SLEEPY'S Mark and the SLEEPY'S Family of Marks in connection with Plaintiffs' goods and services, the SLEEPY'S Mark has become closely associated with Plaintiffs, has become exceedingly well-recognized and has acquired great value, and identifies Plaintiffs and their goods and services exclusively.

16.    Defendant conducts business in the sale of various mattress and bedding products through a retail store located in Jackson Heights, New York. Upon information and belief, Defendant was incorporated on or about December 17, 2007, and began its retail operations at or near that time.

17.    The mattress and bedding products offered by Defendant in its retail store location are of the same or similar type as offered and sold by Plaintiffs and are offered in the same channels of trade to the same general class of potential consumers as are the products of Plaintiffs.

18.    Upon information and belief, Defendant commenced offering its retail products and services under the marks or names "SLEEPY" and/or "SLEEPY BEDDING & FURNITURE" within the last three (3) months, long after the commencement of business in the same types of goods and services by Plaintiffs inside and outside the State of New York, long after Plaintiffs and their predecessors first used the SLEEPY'S Mark, more than twenty years after the SLEEPY'S Mark was registered, and well after the SLEEPY'S Mark became well-known to the public inside and outside of the State of New York in connection with the goods and services offered by Plaintiffs.

19.    Defendant is not a subsidiary, division or licensee of, or otherwise related to, Plaintiffs in any manner whatsoever and is not authorized to use the SLEEPY'S Mark.

4

20.   Defendant's use of the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE will enable Defendant to trade upon and utilize the goodwill established by Plaintiffs in the SLEEPY'S Mark and the SLEEPY'S Family of Marks.

21.   The intentional location of Defendant's retail store in the very region in which Plaintiffs founded their business and currently operate more than 100 of their SLEEPY'S stores only strengthens the likelihood that consumers will incorrectly and improperly associate Defendant and its goods and services with Plaintiffs and their goods and services.

22.   Plaintiffs notified Defendant of its unauthorized use of the SLEEPY'S Mark on at least two occasions prior to the filing of this action, and Defendant failed to acknowledge or respond to either notice.  Defendant has refused to voluntarily discontinue its use of the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE despite repeated requests to do so. Defendant is fully aware of the intellectual property rights of Plaintiffs and has acted and continues to act in reckless disregard of those rights.

## COUNT I
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

23.   Plaintiffs reallege and incorporate herein by reference all of the allegations set forth in Paragraphs 1 through 22 above.

24.   Defendant, without the consent of Plaintiffs, is using in interstate commerce the marks or names, SLEEPY and/or SLEEPY BEDDING & FURNITURE, in connection with the sale, offering for sale, distribution and advertising of goods and services, which, because of their confusing similarity to the SLEEPY'S Mark and, *inter alia,* the fact that the identical kinds of goods are offered and sold under the SLEEPY and/or SLEEPY BEDDING & FURNITURE names as those offered and sold under the SLEEPY'S Mark and the fact that such goods are

5

offered and sold under the SLEEPY and/or SLEEPY BEDDING & FURNITURE names in the same channels of trade and to the same types of consumers as the goods sold under the SLEEPY'S Mark, are likely to cause confusion or mistake among consumers, or to deceive consumers, as to the source of such goods and services, in violation of 15 U.S.C. §1114(1).

25.     Upon information and belief, the adoption and use by Defendant of the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE in connection with its goods, services and commercial activities was in bad faith and in willful disregard of Plaintiffs' rights, with intent to trade on and appropriate the reputation and goodwill which Plaintiffs have built up in the SLEEPY'S Mark and the SLEEPY'S Family of Marks, and to divert customers and revenues from Plaintiffs.

26.     The aforementioned actions and activities of Defendant have caused and will continue to cause damage and irreparable harm and injury to Plaintiffs unless and until such time as they are enjoined by this Court.

### COUNT II
### FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(A))

27.     Plaintiffs reallege and incorporate herein by reference all of the allegations set forth in Paragraphs 1 through 26 above.

28.     Defendant, without the consent of Plaintiffs, is using the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE in commerce in connection with goods and services, which is likely to cause confusion, or cause mistake, or to deceive consumers as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services or commercial activities by Plaintiffs, in violation of 15 U.S.C. §1125(a).

29.    Upon information and belief, the adoption and use by Defendant of the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE in connection with its goods, services and commercial activities was in bad faith and in willful disregard of Plaintiffs' rights, with intent to trade on and appropriate the reputation and goodwill which Plaintiffs have built up in the SLEEPY'S Mark and the SLEEPY'S Family of Marks, and to divert customers and revenues from Plaintiffs.

30.    The aforementioned actions and activities of Defendant have caused and will continue to cause damage and irreparable harm and injury to Plaintiffs unless and until such time as they are enjoined by this Court.

## COUNT III
## TRADEMARK DILUTION (15 U.S.C. § 1125(B))

31.    Plaintiffs reallege and incorporate herein by reference all of the allegations set forth in Paragraphs 1 through 30 above.

32.    The SLEEPY'S Mark is distinctive and famous, having been used by Plaintiffs and their predecessors in connection with the promotion and sale of its goods and services for over 50 years.

33.    Defendant began using the SLEEPY and/or SLEEPY BEDDING & FURNITURE names after the SLEEPY'S Mark became famous, and thereby caused, and is causing, the dilution of the distinctive quality of the SLEEPY'S Mark in violation of 15 U.S.C. §1125(c).

34.    Upon information and belief, the adoption and use by Defendant of the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE in connection with its goods, services and commercial activities was in bad faith and in willful disregard of Plaintiffs' rights, with intent to trade on and appropriate the reputation and goodwill which Plaintiffs have built up

7

in the SLEEPY'S Mark and the SLEEPY'S Family of Marks, and to divert customers and revenues from Plaintiffs.

35.    The aforementioned actions and activities of Defendant have caused and will continue to cause damage and irreparable harm and injury to Plaintiffs unless and until such time as they are enjoined by this Court.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

36.    Plaintiffs reallege and incorporate herein by reference all of the allegations set forth in Paragraphs 1 through 35 above.

37.    Defendant has engaged and is continuing to engage in acts of trademark infringement in violation of the common law of the State of New York.

38.    Upon information and belief, the adoption and use by Defendant of the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE in connection with its goods, services and commercial activities was in bad faith and in willful disregard of Plaintiffs' rights, with intent to trade on and appropriate the reputation and goodwill which Plaintiffs have built up in the SLEEPY'S Mark and the SLEEPY'S Family of Marks, and to divert customers and revenues from Plaintiffs.

39.    The aforementioned actions and activities of Defendant have caused and will continue to cause damage and irreparable harm and injury to Plaintiffs unless and until such time as they are enjoined by this Court.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

40.    Plaintiffs reallege and incorporate herein by reference all of the allegations set forth in Paragraphs 1 through 39 above.

8

41.     The aforementioned activities of Defendant constitute unfair competition, including but not limited to the unlawful passing off of its goods and services as those of Plaintiffs, in violation of the common law of the State of New York.

42.     Upon information and belief, the adoption and use by Defendant of the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE in connection with its goods, services and commercial activities was in bad faith and in willful disregard of Plaintiffs' rights, with intent to trade on and appropriate the reputation and goodwill which Plaintiffs have built up in the SLEEPY'S Mark and the SLEEPY'S Family of Marks, and to divert customers and revenues from Plaintiffs.

43.     The aforementioned actions and activities of Defendant have caused and will continue to cause damage and irreparable harm and injury to Plaintiffs unless and until such time as they are enjoined by this Court.

## COUNT VI
## DILUTION UNDER NEW YORK GENERAL BUSINESS LAW § 360-l

44.     Plaintiffs reallege and incorporate herein by reference all of the allegations set forth in Paragraphs 1 through 43 above.

45.     The SLEEPY'S Mark is distinctive and well known, having been used by Plaintiffs and their predecessors in connection with the promotion and sale of its goods and services in New York and elsewhere for over 50 years.

46.     Defendant began using the SLEEPY and/or SLEEPY BEDDING & FURNITURE names after the SLEEPY'S Mark became well known, and thereby caused, and is causing, the dilution of the distinctive quality of the SLEEPY'S Mark and/or the likelihood of injury to the business reputation of Plaintiffs in violation of NY Gen. Bus. Law § 360-l.

47.     Upon information and belief, the adoption and use by Defendant of the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE in connection with its goods, services and commercial activities was in bad faith and in willful disregard of Plaintiffs' rights, with intent to trade on and appropriate the reputation and goodwill which Plaintiffs have built up in the SLEEPY'S Mark and the SLEEPY'S Family of Marks, and to divert customers and revenues from Plaintiffs.

48.     The aforementioned actions and activities of Defendant have caused and will continue to cause damage and irreparable harm and injury to Plaintiffs unless and until such time as they are enjoined by this Court.

## COUNT VII
## NEW YORK DECEPTIVE ACTS AND PRACTICES § 349

49.     Plaintiffs reallege and incorporate herein by reference all of the allegations set forth in Paragraphs 1 through 48 above.

50.     At all times herein relevant, Defendant has been engaged in the trade or commerce of advertising for sale, offering for sale and selling goods, namely mattress and bedding products, to consumers in the State of New York.

51.     The conduct of Defendant as set forth above and incorporated herein, including its adoption and use in its business of the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE, which are confusingly similar to Plaintiffs' SLEEPY'S Mark, and its intent to trade on the good will of Plaintiffs and the SLEEPY'S Mark and to pass off its goods as those of Plaintiffs, constitute misleading and deceptive acts or practices within the meaning of NY Gen. Bus. Law § 349.

52.    The aforementioned actions and activities of Defendant have caused and will continue to cause damage and irreparable harm and injury to Plaintiffs unless and until such time as they are enjoined by this Court.

WHEREFORE, Plaintiffs pray for relief as follows:

a.    that Defendant Sleepy Bedding & Furniture, Corp., its officers, directors, principals, agents, servants, employees, successors, assigns, affiliates, licensees, manufacturers, distributors, and all that are in active concert or participation with it, or any of them, be enjoined and restrained during the pendency of this action and permanently thereafter from:

1.    infringing or diluting the SLEEPY'S Mark or other trademarks of Plaintiffs, including through use of the marks or names SLEEPY and/or SLEEPY BEDDING & FURNITURE or any variation thereof which is confusingly similar to the SLEEPY'S Mark;

2.    making any statement or representation whatsoever with respect to the infringing goods and services at issue that either falsely designates Plaintiffs as the origin of the goods or is otherwise false or misleading;

3.    otherwise making unauthorized use of or infringing upon the SLEEPY'S Mark or other trademarks of Plaintiffs;

4.    conducting business under the name "Sleepy Bedding & Furniture, Corp.";

5.    any other conduct that would cause or is likely to cause confusion, mistake, or misunderstanding as to the source, affiliation, connection, or

11

association of Defendant or Defendant's goods and services with Plaintiffs

or Plaintiffs' goods and services;

6. competing unfairly with Plaintiffs in any manner; and

7. engaging in any other activity, including the effectuation of assignments

or transfers of their interests in counterfeits, simulations, reproductions,

copies, or colorable imitations of the SLEEPY'S Mark, or any other

intellectual property of Plaintiffs, including the formation of other

corporations, partnerships, associations or other entities or the utilization

of any other devices, for the purpose of circumventing, evading, avoiding

or otherwise violating the prohibitions set forth herein;

b. that Defendant deliver up during the pendency of this action and for destruction upon

entry of judgment any and all copies of materials used by Defendant to advertise,

promote, or solicit sales for Defendant's goods or services using the marks or names

SLEEPY and/or SLEEPY BEDDING & FURNITURE;

c. that the Court award to Plaintiffs the damages caused to Plaintiffs by Defendant's

unlawful activities;

d. that the Court order Defendant to account for and pay over to Plaintiffs all profits realized

by Defendant in connection with its unlawful activities;

e. that the Court increase the damages awarded to Plaintiffs up to three times, and that

Plaintiffs be awarded its costs and attorney fees, pursuant to 15 U.S.C. §1117, NY Gen.

Bus. Law § 349(h), NY Gen. Bus. Law § 360(m) and/or as otherwise provided by law;

and

f. that Defendant be ordered to pay Plaintiffs punitive damages as provided by law;

g.    that Defendant be ordered to pay Plaintiffs the costs of this action and reasonable

       attorney's fees and investigatory fees;

h.    that Defendant be ordered to pay Plaintiffs prejudgment interest; and

i.    that the Court order such further and additional relief as it may deem just and proper.


## DEMAND FOR JURY TRIAL

Plaintiffs request trial by jury of all issues so triable.


                                      Respectfully submitted,


                                      Carrie A. Hanlon (CH2273)
                                      WIGGIN and DANA LLP
                                      400 Atlantic Street
                                      Stamford, Connecticut 06901
                                      Telephone: (203) 363-7600
                                      Facsimile:  (203) 363-7676
                                      E-Mail: chanlon@wiggin.com

                                      Attorneys for Plaintiffs

\17202\7\143650.1

13